IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank Bush, ) | C/A No.: 1:14-4917-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI"). [ECF No. 1].

This matter comes before the court on the Commissioner's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1). [ECF No. 26]. Plaintiff responded to the motion on August 27, 2015. [ECF No. 30]. The motion to dismiss has been fully brief and is ready for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the court grant the Commissioner's motion to dismiss.

I.      Relevant Background

Plaintiff filed an application for SSI on November 2, 2010. [ECF No. 26-2 at 9]. His applications were denied initially and upon reconsideration. *Id.* He appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on May 30, 2013. *Id.* The ALJ issued an unfavorable decision on July 15, 2013, finding that Plaintiff was not disabled within the meaning of the Act. *Id.* at 7–23. By letter dated October 7, 2014, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *Id.* at 3. The letter was mailed to Plaintiff at 4308 Ridgewood Avenue, Columbia, South Carolina 29203 and notified him of his right to commence a civil action within 60 days of receipt of the letter. *Id.* at 3. On December 8, 2014, Plaintiff filed with this court motions for an extension of time to file a case and for leave to proceed in forma pauperis. *Bush v. Commissioner of Social Security Administration*, C/A No. 3:14-mc-373-SVH at ECF Nos. 1 and 2. The undersigned issued an order dated December 15, 2014, denying Plaintiff's motion for an extension of time, granting his motion for leave to proceed in forma pauperis, and notifying him that failure to file a complaint by January 5, 2015, would result in the miscellaneous matter being closed. *Id. at* ECF No. 5. Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on December 31, 2014. [ECF No. 1].

II. Discussion

A. Legal Framework

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. U.S.,* 945 F.2d 765, 766 (4th Cir. 1991). In evaluating a challenge to jurisdiction under Fed. R. Civ. P. 12(b)(1), the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982); *see also Richmond,* 945 F.2d at 768.

B. Analysis

1. Timeliness

The Commissioner argues Plaintiff's complaint should be dismissed as it was filed more than 60 days after receipt of the letter from the Appeals Council denying Plaintiff's request for review. She specifically maintains that Plaintiff's complaint was filed on December 31, 2014, but that Plaintiff was required to file a civil action no later than December 11, 2014. [ECF No. 26-1 at 2].

Well-settled law provides "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981), citing *United States v. Testan*, 424 U.S. 392, 399 (1976), quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Thus, the United States and, by extension, its executive branch agencies, may only be sued under very specific terms. The specific

terms under which the Social Security Administration ("SSA") may be sued are set forth as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .

42 U.S.C. § 405(g). This creates a 60-day statute of limitations for the filing of a claim in the district court. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986), citing *Block v. North Dakota*, 461 U.S. 273, 287 (1983).

Plaintiff did not file a complaint until December 31, 2014. [ECF No. 1]. This was 20 days after the expiration of the 60-day deadline, assuming Plaintiff received the notice within five days of the mailing date.[1] [ECF Nos. 1, 26-1 at 2, 26-2 at 24–26]. Plaintiff makes no claim and presents no evidence to suggest that he did not receive the Appeals Council's notice within five days of the day it was mailed. [ECF No. 30]. Therefore, the presumption applies.

Although Plaintiff does not argue this in his response in opposition to the motion to dismiss, the undersigned has considered whether his filing dated December 8, 2014, should be construed as the filing of a civil action under 42 U.S.C. § 405(g).

On December 8, 2014, Plaintiff filed with this court a document that contained the date, his name, address, social security number, his signature, and the following

---

[1] The notice of Appeals Council action states that the 60-day statute of limitations starts to run the day after the notice is received. [ECF No. 26-2 at 25]. It further provides that the Appeals Council assumes the letter was received within five days of its mailing, unless the claimant proves he did not receive it within the five-day period.

4

statement: "Im writing this letter to Ask For An extension to file A CASE To get the Additional Evadince & paper work for my claim as well As doctors Records etc N Filling out paper work." *Bush v. Commissioner of Social Security Administration*, C/A No. 3:14-mc-373-SVH at ECF No. 1.

Pursuant to Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court." The required elements of a complaint are set forth in Fed. R. Civ. P. 8(a) and include the following:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alterative or different types of relief.

The undersigned is constrained to find that Plaintiff's December 8, 2014, one-sentence filing did not constitute a complaint sufficient to commence a civil action. The filing cannot be construed as a complaint because it did not include a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim, or a demand for the relief sought. *See Bush v. Commissioner of Social Security Administration*, C/A No. 3:14-mc-373-SVH at ECF No. 1*; see also* Fed. R. Civ. P. 3, 8(a). In fact, Plaintiff's filing was so lacking that the undersigned's only clue that Plaintiff might be seeking to bring a cause of action under 42 U.S.C. § 405(g) was a reference to "S. S. AdministRAtioN" in his motion for leave to proceed in forma

pauperis. *Bush*, C/A No. 3:14-mc-373-SVH at ECF No. 2. The Clerk's office filed the document as a "miscellaneous case," not as a Social Security complaint.

Furthermore, the undersigned concludes, based on the contents of Plaintiff's filing that he did not intend to commence a civil action on December 8, 2014. Plaintiff's statement indicated he was not attempting to file a case, but was instead requesting additional time before filing a case. Unfortunately, Plaintiff did not follow the proper procedure to request an extension. Pursuant to 42 U.S.C. § 405(g), authority to extend the 60-day civil filing deadline rests with the Commissioner and the Commissioner informed Plaintiff of the proper procedure. The notice Plaintiff received from the Appeals Council explicitly stated the following:

> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.
>
> You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

[ECF No. 26-2 at 25–26].

The undersigned issued an order on December 15, 2014, denying Plaintiff's motion for an extension of time and reminding him that any request for an extension of

6

time in a Social Security case must be made to the Appeals Council.[2] *Bush*, C/A No. 3:14-mc-373-SVH, ECF No. 5. Despite this order, the record suggests that Plaintiff failed to contact the Appeals Council to request additional time to file a civil action.[3] [ECF No. 26-2 at 3].

In light of the foregoing, the undersigned recommends the court find Plaintiff failed to commence a civil action within the time period provided in 42 U.S.C. § 405(g).

    2.    Equitable Tolling

The undersigned has considered whether the 60-day filing deadline should be considered equitably tolled by Plaintiff's filing dated December 8, 2014. *Bush*, C/A No. 3:14-mc-373-SVH at ECF No. 1.

---

[2] The undersigned notes that the order dated December 15, 2014, provided that the miscellaneous case would be closed if Plaintiff failed to file a complaint by January 5, 2015. This statement was not intended to extend the statutory deadline for filing a claim under 42 U.S.C. § 405(g). To the extent that Plaintiff may argue he was under the impression he had until January 5, 2015, to file a timely complaint, such reliance was unreasonable in light of the fact that the undersigned specifically denied Plaintiff's motion for an extension of time and instructed Plaintiff that requests for extensions in Social Security cases must be made to the Appeals Council. As indicated above, Plaintiff's December 8, 2014, filing was insufficient to commence a civil action and the only clue that Plaintiff might be seeking an extension in a case falling under 42 U.S.C. § 405(g) was an indication that the Commissioner was the defendant on the motion for leave to proceed in forma pauperis. The January 5, 2015, deadline was a deadline to file a complaint, which would commence a civil action. It was not an indication that a complaint filed by that date would be considered timely under the specific provisions of 42 U.S.C. § 405(g).

[3] Neither 42 U.S.C. § 405(g), nor the notice of Appeals Council action suggests that a claimant cannot request an extension for additional time after the expiration of the 60-day deadline to commence a civil action. While the undersigned recognizes the Commissioner may be more inclined to grant such a request prior to the expiration of the deadline, 42 U.S.C. § 405(g), allows her to grant "such further time" as she "may allow."

7

In *Bowen v. City of New York*, 476 U.S. at 467, 479–480 (1986), the court recognized that the 60-day statute of limitations was a condition on the waiver of sovereign immunity that was subject to equitable tolling "where consistent with congressional intent and called for by the facts of the case." The Court also noted that "[w]hile in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate." *Id.* at 480, citing *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). The court stated equitable tolling was only applicable in "rare cases" and applied it because "the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights. . . ." 476 U.S. at 481. The Fourth Circuit further indicated equitable tolling of the statute of limitations would "rarely be appropriate," but "may be applied to comparable agency procedures that are unlawfully imposed on a class of claimants." *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986). In *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), the court stated "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."

This court considered equitable tolling of the 60-day deadline in *Lake v. Astrue*, C/A No. 6:11-2107-DCN, 2012 WL 3135385 (D.S.C. Aug. 1, 2012), and *Gamble v. Colvin*, C/A No. 1:12-1459-TLW-SVH, 2014 WL 197740 (D.S.C. Jan. 16, 2014). The court declined to extend the doctrine of equitable tolling and dismissed both cases. In *Lake*, the plaintiff argued the filing deadline did not apply because he received an unsigned and undated notice from the Appeals Council, but the court declined to "create

8

a new rule" requiring that proper notice be given to start the clock on the 60-day deadline. 2012 WL 3135395, at *5. Instead, the court granted the Commissioner's motion to dismiss because the plaintiff failed to file the case within 60 days of receiving actual notice of the Appeals Council's decision. *Id.* at *4. In *Gamble*, the court found that equitable tolling was "not applicable to the facts" of the case where the plaintiff alleged she "became severely ill and was hospitalized and medically treated several times during the 60 day period that she was required to file her appeal and was mentally and physically unable to meet with attorney." 2012 WL 197740, at *3–4. The court pointed out that "[t]he Fourth Circuit has not addressed whether equitable tolling is proper in instances other than those involving government misconduct" but that "a majority of circuits require a showing of clandestine action on the part of the government in order to apply equitable tolling." *Id.* at 4, citing *Torres v. Barnhart*, 417 F.3d 276, 281–83 (2d Cir. 2005) (collecting cases).

  Here, Plaintiff alleges no misconduct on the part of the Commissioner that prevented him from filing a civil action within the 60-day period. The Appeals Council provided Plaintiff with explicit instructions for filing a civil action or, in the alternative, for requesting an extension of the 60-day filing deadline. [ECF No. 26-2 at 25–26]. Instead of following those explicit instructions, Plaintiff requested an ambiguous extension from this court. *Bush*, C/A No. 3:14-mc-373-SVH at ECF No. 1. Plaintiff was informed that this court lacked the authority to grant an extension of the filing deadline and that he should request an extension from the Appeals Council. *Bush*, C/A No. 3:14-mc-373-SVH at ECF No. 5. However, Plaintiff failed to make such a request. [ECF No.

9

26-2 at 3]. He then filed a complaint more than 20 days after the 60-day statutory deadline, without having obtained the Commissioner's acquiescence to the late filing. [ECF No. 1].

Plaintiff's failure to file a timely action resulted from his own error and is much more akin to garden variety neglect than to the rare cases that warrant application of equitable tolling. Therefore, the undersigned recommends the court find equitable tolling is not applicable to the facts of this case.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant the Commissioner's motion to dismiss Plaintiff's complaint. [ECF No. 26].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 10, 2015                              Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).