# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank Bush, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:14-4917-RMG |
| vs. ) | |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's appeal challenging the denial of Social Security disability benefits because his appeal was not filed with this Court within 60 days after the final decision of the Commissioner. 42 U.S.C. § 405(g). (Dkt. No. 26-1). Plaintiff brought this action *pro se*. The matter was initially referred for pre-trial handling to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) (D.S.C.). The Magistrate Judge issued a Report and Recommendation on September 10, 2015, recommending that the Commissioner's motion be granted. (Dkt. No. 31). Plaintiff filed objections to the R & R. (Dkt. No. 34). As further explained below, the Court denies the Commissioner's motion to dismiss and recommits this matter to the Magistrate Judge to review Plaintiff's appeal on the merits.

**Factual Background**

Plaintiff applied for Supplemental Security Income ("SSI") on November 2, 2010, and was self represented throughout the administrative processing and appeal of this claim. (Dkt. No.

-1-

26-2 at 9). The claim was denied administratively and the Administrative Law Judge issued an unfavorable opinion on July 15, 2013. Plaintiff then requested review by the Appeals Council, which denied the request by letter dated October 7, 2014. (Dkt. No. 26-2 at 24-26). The Appeals Council advised Plaintiff that he had the right to file an appeal with the United States District Court within 60 days of receipt of the letter, and it would be assumed he received the letter five days after the date stated of the letter. (*Id.* at 25). Plaintiff was told that he "may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live." (*Id.*). He was also advised of his right to request an extension of time to file from the Appeals Council within 60 days of receipt of the October 7, 2014 letter. (*Id.* at 26).

Plaintiff filed a *pro se* motion for an extension of time to file an appeal with the United States District Court on December 8, 2014. (*Bush v. Commissioner of Social Security Administration*, C.A. No. 3:14-mc-373, Dkt. No. 1). The matter was handled by the Magistrate Judge, who issued an order dated December 15, 2014, denying the motion for an extension because of the lack of adequate detail in the request. (*Id.*, Dkt. No. 5). The Magistrate Judge stated in her order that Plaintiff had 60 days from the denial of the Appeals Council to file an appeal with the United States District Court and that any request for an extension must be directed to the Appeals Council. (*Id.*). The Magistrate Judge order then stated in bold: "If Plaintiff does not file a complaint in this action by January 5, 2015, this miscellaneous matter will be closed." (*Id.*).

Plaintiff filed his appeal with the United States District Court on December 31, 2014. Thereafter, the Commissioner filed a motion to dismiss Plaintiff's appeal, noting that the

December 31, 2014 filing was beyond the 60-day window to file an appeal, which expired on December 11, 2014. The Commissioner indicated she was unaware of any requests for an extension of time to file a civil action and that there were "no circumstances that would justify equitable tolling of the 60 day requirement . . . ." (Dkt. No. 26-1 at 4).[1]

## Discussion

While it is well settled that any waiver of sovereign immunity should be strictly construed, there are circumstances where equitable tolling of the 60-day deadline provided in 42 U.S.C. § 405(g) is appropriate. *Bowen v. City of New York*, 476 U.S. 467, 479-80 (1986). In evaluating a particular set of facts to determine if equitable tolling is appropriate, the Court should consider the intent of Congress in adopting the Social Security Act generally and § 405(g) in particular. It is notable that the Social Security Act was designed by Congress to be "unusually protective" of claimants, and Social Security regulations anticipate extensions of time for filing an appeal to the United States District Court being granted by the Commissioner in appropriate cases. *Heckler v. Day*, 467 U.S. 104, 106 (1984); 20 C.F.R. § 404.911. Consequently, the application of "traditional equitable principle tolling" by a federal district court in dealing with untimely filings under § 405(g) has been held to be "consistent with the overall congressional purpose" of the Social Security Act and is "nowhere eschewed by Congress." *Honda v. Clark*, 386 U.S. 484 (1967).

Courts are also admonished to be flexible and liberal in construing the filings of *pro se* claimants. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Marsh v. Harris*, 632 F.2d 296, 300 (4th

---

[1] It does not appear from the Commissioner's motion to dismiss and brief that she was aware of Plaintiff's filing with the United States District Court of a request for an extension of time to file an appeal. (Dkt. No. 26, 26-1).

Cir. 1980). Further, federal courts have allowed equitable tolling where the claimant actively pursed his judicial remedies but timely filed his documents in the wrong court. *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 427-28 (1965); *Herb v. Pitcairn*, 325 U.S. 77, 78 (1945). On the other hand, federal courts have been "less forgiving where the claimant failed to exercise due diligence in preserving his legal rights. . . [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 458 (1990).

In this matter, Plaintiff, acting *pro se*, timely filed a request for an extension of time to file his appeal but erroneously filed it in the wrong place. Plaintiff's error was not the product of a lack of diligence but confusion about the proper place to direct his request for an extension. While Plaintiff was advised in the Appeals Council letter to direct any request for an extension to the Appeals Council, he was also directed to "ask for court review" to the United States District Court in the judicial district where he resided. (Dkt. No. 26-2 at 25). For a lay person, clearly unschooled in the law and procedures of the Social Security Act, this error is understandable.

In weighing a request for equitable tolling, it is appropriate for the Court to consider the relative burdens placed on the parties by the granting of that relief. Here, the Plaintiff claims he suffers from physical limitations that render him disabled, and, should his claims prove to be meritorious, the benefits he would receive in direct Social Security payments and in eligibility for Medicare benefits could be of critical importance to him. On the other hand, the burden on the Defendant in defending this claim on the merits in an appeal before this Court appears relatively slight. On balance, this factor tips decidedly in favor of the Plaintiff.

Public policy considerations also tip in favor of granting equitable tolling in this matter.

The Social Security Act is heavily tilted in favor of providing deserving claimants financial support as part of this nation's safety net for the physically and mentally disabled. The deadline for filing an appeal to the United States District Court in a Social Security Act proceeding is also important since any waiver of sovereign immunity should be narrowly construed. Saying that, equitable doctrines have evolved to temper the harsh consequences of deadlines with an element of flexibility and justice under appropriate circumstances. This exercise of the equitable powers of the Court should not be done casually or in a "garden variety claim of excusable neglect." *Irwin v. Department of Veteran Affairs*, 498 U.S. at 458. But here, where the *pro se* claimant timely attempted to pursue an extension of time to file his appeal, the harsh consequences of denying equitable tolling weigh so heavily on the claimant, and public policy considerations favor reasonable flexibility under such circumstances, the Court finds that equitable tolling is the proper and just action.

Therefore, the Court finds that the deadline for Plaintiff to file his appeal in this matter under § 405(g) is equitably tolled and that the filing of Plaintiff's appeal in this Court on December 31, 2014, is hereby deemed timely. This matter is now recommitted to the Magistrate Judge to address Plaintiff's claims on the merits.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

October 8, 2015
Charleston, South Carolina

-5-